Dear Senator Barham:
This office is in receipt of your request for an opinion of the Attorney General in regard to a dual officeholding issue. You ask whether a locally elected Justice of the Peace can also serve on a state board or commission by appointment of the Governor which may provide for monetary compensation while serving.
Pertinent to your inquiry are the provisions of R.S. 42:62(8),(9) and 42:63(B),(D) which provide as follows:
 42:62(8) The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this Paragraph.
 42:62(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
 42:63(B) Except as otherwise provided by the Louisiana Constitution, no person holding office or employment in one branch of state government shall at the same time hold another office or employment in any other branch of the state government.
 42:63(D) No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
For purposes of the provisions relative to dual officeholding, R.S. 42:62
provides that justice of the peace courts shall be a separate political subdivision, and as stated hereinabove would be prohibited from holding a "full-time appointive office in the government of this state", or "employment in the government of the state".
As concluded by this office in Atty. Gen. Op. 98-281 if the appointed position on the board or commissioner is part-time, the dual officeholding statute would not prohibit your service on the board or commission while holding the locally elected office of justice of the peace. However, it was then stated, if the position on the Fire District Board was full-time, the dual officeholding provisions would prohibit holding such a position while also holding the locally elected office of justice of the peace.
Similarly, in Atty. Gen. Op 89-660 this office concluded since the office of Mayor is a part of a municipal government and separate local political subdivision, he may hold office as a member of the Liquefied Petroleum Gas Commission on the assumption that a member of the Commission holds a part-time appointive office.
In Atty. Gen. OP. 84-399 inquiry was made whether Constables and Justices of the Peace are eligible for coverage under Group Insurance for parish employees and elected parish officials. Quoting R.S. 42:62(8) as enumerating the officers and employees of the judicial branch of state government, it was stated that Justices of the Peace are not classified under the judiccial system, but found they are considered elected parish officials.
Therefore, as long as the appointment to a State Board or Commission is a part-time appointed position there would be no violation of the dual officeholding provisions of R.S. 42:63 inasmuch as the position as justice of the peace is not in the judicial branch of state government, but defined in R.S. 42:62(9) for purposes of dual officeholding as a political subdivision of local government.
However, as concluded in Atty. Gen. Op. 00-306 an individual who contemporaneously holds the office of Justice of the Peace cannot hold a full-time appointive office which is at least seven hours per day of work and at least thirty-five hours per week of work.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: February 11, 2003